UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Krzysztof Mscichowski | ) <br>)<br>)<br>)<br>)<br>) | BK No.: 13-18738<br><br>Chapter: 13<br>Honorable Jack B. Schmetterer |
| Krzysztof Mscichowski  Debtor(s) | )<br>)<br>) | Adv. No.: 13-00911 |
| PNC Bank, N.A.  Plaintiff(s) | )<br>)<br>)<br>) | |
| Defendant(s) | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Default Order and because the allegations in the Complaint have been taken as confessed against PNC Bank, N.A., the following findings of fact and conclusions of law are made and will be entered:

1. This Court has jurisdiction over the instant matter pursuant to §157 and §1334 of Title 28, U.S.C.

2. This is a core proceeding within the meaning of §157(B)(1) and (2) of Title 28, U.S.C.

3. Venue is proper pursuant to §1409 of Title 28, U.S.C.

4. On May 2, 2013, the Debtor filed the instant Petition pursuant to Chapter 13 of Title 11 U.S.C.

5. At the time of filing, Debtor's homestead located at 124 West Polk Street, Unit #802, Chicago, Illinois 60605, was valued at $170,608.00, and the Debtor owed $223,341.13 for the first mortgage with JP Morgan Alternative Loan Trust 2006-A3, Mortgage Pass-Through Certificates, U.S. Bank National Association, As Trustee, by PNC Bank, National Association as servicer with delegated authority under the transaction documents. The Debtor further owed $56,390.60 to the Defendant PNC Bank, N.A. for the junior mortgage on the property.

6. That the Defendant's junior mortgage would be an allowed, secured claim to the extent of the value of the estate's interest in the property securing the claim under 11 U.S.C. §506(a). The Defendant's junior mortgage is void to the extent it is not an allowed secured claim.

7. That the amount of the first mortgage, $223,341.13, exceeds the value of the underlying property - $170,608.00.

8. That because the junior mortgage lien held by the Defendant is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be stripped off. See In re Mann, 249 B.R. 831,

Rev: 20130103_apo

840 (1st Cir. BAP 2000); In re Pond, 2001 U.S. App. Lexis 11287 (2nd Cir.); Suntrust Bank v. Millard, 2010 WL 5158561 (4th Cir. 2010).

Enter:

United States Bankruptcy Judge

AUG 2 2 2013

Dated: 8/22/13

**Prepared by:**

Yan Teytelman, Of Counsel
Wator & Zac, LLC
6020 West Higgins Avenue, Suite B
Chicago, IL 60630
Ph (773) 467-0400

Rev: 20130103_apo